Joseph A. Creitz, Cal Bar No. 169552
joe@creitzserebin.com
Lisa S. Serebin, Cal Bar No. 146312
lisa@creitzserebin.com
CREITZ & SEREBIN LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.466.3090 (tel)
415.513.4475 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MCGUIRE, an individual,<br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant. | Case No.:  20-cv-0388<br><br>COMPLAINT FOR BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING (INSURANCE BAD FAITH), and UNFAIR BUSINESS PRACTICES,<br><br>and<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Richard McGuire ("Mr. McGuire" or "Plaintiff") hereby files his Complaint against Aetna Life Insurance Company ("Aetna" or "Defendant"), and alleges therein as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $100,000.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a), because Aetna conducts substantial business in the State of California and throughout the Northern District of California, including but not limited to the sale and administration of disability insurance policies, and the group disability insurance policy at issue in this litigation was sold and issued in the Northern District of California, specifically, in the City of San Francisco, County of San Francisco, California.

## II. PARTIES

3. Plaintiff is an individual who at all times relevant hereto was and is a resident of the City of Greeley Hill, Mariposa County, California. Plaintiff is a disabled individual who was employed by the City and County of San Francisco, and covered by a group disability insurance policy issued to the City and County of San Francisco by Defendant for the benefit of its employees.

4. Defendant is, and at all times relevant hereto, was a Connecticut corporation and insurance company with its principal place of business in Hartford, Connecticut; and is licensed by the California Department of Insurance to conduct business in the State of California. Plaintiff is informed and believes and thereon alleges that Defendant issues disability policies and insures group disability claims throughout the state of California, including claims under his plan and others within the Northern District of California.

### III. FACTUAL BACKGROUND

5. At all times relevant hereto, Plaintiff was covered by group disability insurance policy issued by Defendant to the City and County of San Francisco for the benefit of its employees. At all times relevant hereto, Plaintiff was an insured in good standing and performed all obligations under the terms of the policy required on his part to be performed.

6. At all times relevant hereto, Plaintiff worked as a watershed keeper for the City and County of San Francisco. On April 24, 2016, Plaintiff was seriously injured while on the job and was thereafter disabled from working at his job. He remained unable to work and submitted a claim for worker's compensation benefits. He also submitted a claim for disability benefits to Defendant on July 12, 2016. Plaintiff provided Defendant with all necessary releases and authorizations for Defendant to obtain information from his medical providers, employer, and worker's compensation attorney.

7. Defendant failed to acquire any information or medical records in connection with Plaintiff's worker's compensation claim. Defendant never personally examined Plaintiff, or sought to have him examined, despite the fact that the policy explicitly gave Defendant the right to do so.

8. On October 21, 2016, Defendant denied Plaintiff's claim, despite the fact that Plaintiff's treating doctors provided statements attesting to his disability.

9. On February 28, 2019, still disabled, Plaintiff contacted Defendant to file a new claim. Defendant instructed Plaintiff to instead file an appeal of his initial claim. On July 29, 2019, Defendant instructed Plaintiff to provide updated medical records. On August 9, 2019, Defendant denied Plaintiff's appeal solely on the grounds that Plaintiff did not file the appeal within 180 days of denial of

1  his claim. Defendant denied Plaintiff's appeal without obtaining or considering
2  any of the additional medical information that were available or without
3  examining Plaintiff.

4      10.    As a direct and proximate result of Defendant's failure to pay
5  Plaintiff his benefits due under the policy, Plaintiff suffered severe stress, severe
6  emotional stress, and financial hardship.

### III.    CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### BREACH OF CONTRACT

11.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs as if they were set forth here in full.

12.    At all times relevant hereto, Plaintiff did all things required of him under his group disability policy with Defendant in order to be at all times fully eligible for the benefits.

13.    Defendant breached the contract by failing to pay the disability benefits that were due under the terms of contract in a timely manner.

14.    Defendant's lone defense to payment of benefits (i.e., that the Plaintiff had failed to submit a timely administrative appeal), is not a cognizable defense to a claim for benefits under a non-ERISA-regulated disability policy governed by state law, such as Plaintiff's policy.

15.    As a direct and proximate cause of Defendant's breaches of contract, Plaintiff suffered injuries as set forth herein.

16.    Wherefore, Plaintiff prays damages against Defendant as set forth hereinbelow, in an amount to be proven at trial.

*McGuire v. Aetna, Case No. 20-cv-0388*
COMPLAINT FOR DAMAGES [JURY DEMAND]

4

## SECOND CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
## (INSURANCE BAD FAITH)

17. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs as if they were set forth here in full.

18. All insurance contracts issued and/or administered in the State of California have implied in them a covenant of good faith and fair dealing. Defendant breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

   (a) by intentionally and unreasonably applying the terms of the policy so as to limit Defendant's financial exposure and contractual obligations and to maximize profits, placing its own economic interests above those of Plaintiff;

   (b) by unreasonably denying payment for benefits that should have been paid to Plaintiff under the terms of the policy;

   (c) by unreasonably failing to properly investigate Plaintiff's claim; and/or

   (d) by unreasonably compelling Plaintiff to institute litigation to recover amounts due under the terms of the policy.

19. Plaintiff is informed and believes and thereon alleges that Defendant has a pattern and practice of wrongfully delaying and denying claims decisions so as to frustrate insureds' reasonable expectations of prompt payment of claims.

20. Plaintiff is informed and believes and thereon alleges that Defendant breached its duties of good faith and fair dealing owed to Plaintiff by

committing the acts herein alleged, and by committing other acts or omissions of Defendant which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as he discovers such other acts or omissions of Defendant constituting such breach.

21. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered consequential damages for a total amount to be shown at the time of trial.

22. As a further proximate result of the Defendant's wrongful conduct, Plaintiff has suffered stress, anxiety, humiliation, worry, mental and emotional distress, all to his general damage in sum to be determined at trial.

23. As a further proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff was compelled to retain legal counsel to obtain benefits under the policy. Therefore, Defendant is liable to Plaintiff for those attorney fees reasonably necessary and incurred by Plaintiff to obtain his benefits, in an amount determined at the time of trial.

24. Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiff or was despicable conduct carried on by Defendant with a willful and conscious disregard of Plaintiff's rights, subjected Plaintiff to cruel and unjust hardship in conscious disregard to his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, so as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant, and to deter similar conduct by it and others in the future.

25. Defendant's conduct in wrongfully denying Plaintiff's claim for disability benefits was an unfair act and practice which caused Plaintiff to suffer a loss of income and loss of assets essential to his health and welfare.

26. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of Defendant's wrongful actions herein, pursuant to California Civil Code § 3294, Plaintiff is entitled to a trebling of any award of punitive damages imposed by the trier of fact.

## THIRD CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## Under Cal. Bus. & Prof. Code § 17200, *et seq.*

27. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs as if they were set forth here in full.

28. The California Unfair Competition Act, Cal. Bus. & Prof. Code § 17200, *et seq.* prohibits those during business in the State of California from acting unfairly or unlawfully in their business practices.

29. In doing the things herein alleged, Defendant was engaging in business practices. The business practices of Defendant alleged herein were both unlawful and unfair, as set forth hereinabove, and allowed Defendant to earn additional incremental profits in excess of those earned by its marketplace competitors who honored their contracts and declined to adjudicate claims in bad faith.

30. As a direct and proximate result of Defendant's business practices herein alleged, Plaintiff was directly injured.

31. Wherefore, Plaintiff prays injunctive relief and restitution set forth below.

*McGuire v. Aetna, Case No. 20-cv-0388*
COMPLAINT FOR DAMAGES [JURY DEMAND]

7

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a judicial declaration that Defendant breached its contract of insurance with Plaintiff, and breached the covenant of good faith and fair dealing inherent in said contract;

2. For an award of damages sufficient to compensate Plaintiff for his emotional pain and suffering proximately caused by Defendant;

3. For an award of interest on all payments due under the contract from the date such payments should have been paid until the date they were or are in the future actually paid, at the California rate of 10% per year;

4. For an award of punitive or exemplary damages in an amount sufficient to punish Defendant for its bad faith conduct and to deter similar conduct by Defendant and by others in the future;

5. For trebling of any punitive damages pursuant to California Civil Code § 3345;

6. For an award of Plaintiff's costs and reasonable attorney fees incurred herein under Brandt;

7. For an injunction against Defendant's business practices of delaying – and thereby effectively denying – disability benefits when the benefits should be provided under the terms of its insurance policies;

8. For an injunction against Defendant's business practices of refusing to communicate with claimants about their claims in the manner required by the California Fair Claims Settlement Act, Cal. Ins. Code § 790.03(h), *et seq.*, and the regulations promulgated

1     thereunder.

2   9.   For disgorgement and/or restitution of all moneys wrongfully withheld and/or all profits earned thereon and other ill gotten gain flowing from Defendant's unlawful conduct; and

5   10.   For such other and further relief as the Court deems just and proper.

DATED this 17th day of January 2020.

                                  CREITZ & SEREBIN LLP

                    By   */s/ Lisa S. Serebin*
                    Joseph A. Creitz
                    Lisa S. Serebin
                    Attorneys for Plaintiff

*McGuire v. Aetna, Case No. 20-cv-0388*
COMPLAINT FOR DAMAGES [JURY DEMAND]

9

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims and causes of action.

DATED this 17th day of January 2020.

                                            CREITZ & SEREBIN LLP

                                            By  */s/ Lisa S. Serebin*
                                            Joseph A. Creitz
                                            Lisa S. Serebin
                                            Attorneys for Plaintiff